IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
OCT 3 1 2008
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.   Crim. No. 4:08-cr-43

SHARONE JERMAINE BERRY,

Defendant.

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant Sharone Jermaine Berry's Motion for a Judgment of Acquittal challenging his conviction on charges of Possession with Intent to Distribute Cocaine Base with 1000 feet off School Property (Count 1) in violation of 21 U.S.C §§ 860 and 841(a)(1) and (b)(1)(C) and charges of Identification Theft (Counts 2 and 5) in violation of 18 U.S.C. § 1028(a)(7).

Defendant Berry also filed a Supplemental Motion for Judgment of Acquittal challenging his conviction of Aggravated Identity Theft (Count 7).

For the reasons contained herein, the Defendant's motions with respect to Counts 1, 2, 5, and 7 are **DENIED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

   A. **Factual Background**

Newport News Police Officers Sorg and Nielson entered a rooming house nicknamed "Animal House" located at 643 40th Street in Newport News, Virginia. The officers also recognized

the Defendant as a suspected drug dealer who had previously fled from the officers at the house. The tenant of Room One, Alberta King, gave the officers consent to enter and search the room. While Officer Sorg searched the room, the Defendant gave Officer Nielson permission to conduct a pat down of his person. Officer Sorg then conducted a second search of the Defendant. During the second search, Officer Sorg felt a plastic baggie in the Defendant's groin area, and the officers arrested the Defendant.

As Officers Sorg and Neilson led the Defendant back to the car, the Defendant broke free from Officer Sorg and began to run between adjacent buildings. Officer Sorg pursued and apprehended him. During the pursuit of the Defendant, Officer Sorg observed the Defendant drop a small bag on the ground. While leading the Defendant back to the car, Officer Sorg asked Officer Neilson to search the area. Officer Neilson found a plastic bag on the ground containing 36 bits of a substance which later tested positive as cocaine base.

### B.    Procedural Background

The Defendant, Mr. Berry, was indicted for Possession with Intent to Distribute Cocaine Base in violation of 18 U.S.C.§ 841(a)(1) and (b)(1)(c), Identification Theft in violation of 18.U.S.C. § 1028(a)(7), and False Representation of a Social Security Number in violation of 18 U.S.C. § 1028A. After a motion to suppress, a grand jury returned a Superceding Indictment against Mr. Berry charging him with Possession with Intent to Distribute Cocaine Base within 1000 feet of School Property (Count 1) in violation of 21 U.S.C. §§ 860, 841(a)(1), and (b)(1)(C); two counts of Identification Theft (Counts 2 and 5) in violation of 18 U.S.C. §1028(a)(7); two counts of False Representation of a Social Security Number (Counts 3 and 6) in violation of 42 U.S.C. § 408 (a)(7)(B); and two counts of Aggravated Identity Theft (Counts 4 and 7) in violation of 18 U.S.C.

§1028A.

At the beginning of trial on September 9, 2008, the Court dismissed, with prejudice, Count 4, Aggravated Identity Theft, upon the Government's motion.

The Government presented its evidence to the jury beginning on September 9, 2008. At the conclusion of the Government's evidence, Defendant made an oral motion for judgment of acquittal which the Court considered and denied. Defendant renewed his motion after the conclusion of the defense evidence.

The jury returned a verdict on September 11, 2008 and found Mr. Berry guilty on all counts.

The Defendant filed a motion for judgment of acquittal on September 18, 2008, requesting that this Court enter a judgment of acquittal for Counts One (1), Two (2), and Five (5) based upon the Government's failure to present sufficient evidence for a rational trier of fact to find that the Defendant guilty of those counts. The Government filed a response in opposition to the Defendant's Motion for Judgment of Acquittal on September 19, 2008.

The Defendant filed a Supplemental Motion for Judgment of Acquittal on September 24, 2008, requesting that this Court enter a judgment of acquittal for Count Seven (7) based upon the Government's failure to present sufficient evidence for a rational trier of fact to find the Defendant guilty of Aggravated Identity Theft. The Government filed a response in opposition to the Defendant's Supplemental Motion for Judgment of Acquittal on October 4, 2008.

This matter is now ripe for review by this Court.

## II. STANDARD OF REVIEW

"A defendant may move for a judgment of acquittal . . . within 7 days after a guilty verdict." Fed. R. Crim. P. 29(c)(1). The question raised by motion for a judgment of acquittal is whether "as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges

of the indictment." United States v. Alvarez, 351 F.3d 126, 129 (4th Cir. 2003) (quoting Smalis v. Pennsylvania, 476 U.S. 140, 144 (1986)). As a matter of law, the government bears the burden of proving the essential elements of the offense charged beyond a reasonable doubt. Therefore, in reviewing a motion for a judgment of acquittal, the court must, "considering the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the government, determine whether any rational factfinder could have found the essential elements of the crimes charged beyond a reasonable doubt." United States v. Childress, 26 F.3d 498, 501 (4th Cir. 1994).

### III. ANALYSIS

#### A. Count One: Possession with Intent to Distribute Cocaine Base Within 1000 Feet of a School

In Count One (1), the Defendant was charged with possession with intent to distribute a detectable amount of cocaine base within 1000 feet of the real property of the Apprentice School, operated by Northrop-Grumman in Newport News, Virginia. This offense was alleged to occur on December 13, 2006 in a rooming house, known as "Animal House," located at 643 40th Street in the City of Newport News, Virginia.

Defendant contends that the Government failed to meet its burden of proving that all the elements of Count One (1) occurred. The Government was required to prove the following elements beyond a reasonable doubt: 1) that Mr. Berry knowingly possessed a detectible amount of cocaine base; 2) that he possessed with intent to distribute that substance; 3) and that the possession with intent to distribute occurred within 1000 feet of the Apprentice School. The Defendant contends that the Government failed to prove beyond a reasonable doubt that Mr. Berry had "possessed" the drugs in question–that is, that the Government failed to prove beyond a reasonable doubt that Mr. Berry removed the bag of drugs from his person and dropped them while he ran from Officer Sorg.

(Def.'s Mot. for J. of Acquittal 4.) In light of that failure, the Defendant claims that he should be acquitted of the charge since the Government failed to satisfy its burden for one element of the crime. Id.

The Court finds that there is no basis for this contention. This Court agrees with the Government's that there was more than sufficient evidence for the jury to find Mr. Berry guilty beyond a reasonable doubt on all elements of Count One (1). (Resp. to Def.'s Mot. for J. of Acquittal 3.)

No less than four witnesses testified to Defendant's involvement in the drug trade. Officer Sorg testified that he felt an object believed to be a bag of narcotics in Mr. Berry's groin area, and testified that he observed Berry drop the bag to the ground while fleeing. Detective Nielsen testified to Berry's resistance to arrest, flight from officers, and discarding of the bag of drugs. Other witnesses provided testimony on the chemical analysis of the contents of the dropped bag recovered that evening, which proved the material to be cocaine base. Agent Kennedy provided additional testimony demonstrating Berry's intent to distribute since the value and packaging of the cocaine base was indicative of distribution quantities of cocaine base.

Expert witnesses also testified to the location of the incident in a very high-crime and high-drug community--other expert witnesses testified to the improbability of that quantity of drugs just lying on the ground outside the "Animal House." It was also clearly shown by the evidence that the "Animal House" was within 1000 feet of a school, i.e. the Newport News Apprentice School.

It is fully within the jury's province to weigh and assess the credibility of witnesses. "[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflict in the evidence presented." U.S. v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005).

Accordingly, this Court finds sufficient evidence present to prove that the Government

5

satisfied its burden of proving Mr. Berry guilty of all elements found in Count One (1) and, consequently, to support the jury's conclusion that Mr. Berry was Guilty of Count One (1) of the indictment.

### B.  Counts Two and Five: Identification Theft

Defendant alleges that the Government failed in its burden to satisfy all elements found in Counts Two and Five of the indictment. Those elements require the Government to prove beyond a reasonable doubt the following: 1) Mr. Berry knowingly used a means of identification of another person in or affecting interstate commerce, 2) that he did so without lawful authority; and 3) that he did so with intent to commit and aid and abet a violation of federal law (in this case, false representation of a social security number). 18 U.S.C. § 1028(a)(7). More specifically, the Defendant claims that Government's evidence in Counts Two (2) and Five (5) was insufficient to sustain a conviction because the evidence failed to establish beyond a reasonable doubt that Mr. Berry's use of the means of identification was in or affecting interstate commerce. (Def.'s Mot. for J. of Acquittal 5.)

The issue for decision is whether the Government presented enough evidence to prove that a criminal act, seemingly small and local in its size and scope, met the conditions required to constitute an act committed in interstate commerce.

This crime in question expressly requires a jurisdictional element--Congress constructed this statute to exercise the full reach of the federal commerce power. See also Russell v. U.S. 471 U.S. 858 (1985) (referring to a federal arson statute with an interstate commerce requirement).

The term "interstate commerce" means commerce between two states; "[t]his includes all means of transportation and communication between one state and another state." United States v. Gros, 824 F.2d 1487, 1495 (6th Cir. 1987) (approving instructions regarding elements of §§

6

1028(a)(3) and (6), which included the definition of interstate commerce). Recent Supreme Court decisions have clarified the definition of "interstate commerce" and in doing so have narrowed the scope of activities deemed to constitute "commerce" between the states.[1] In those decisions, the Court defined that scope of "economic activity" for purposes of interstate commerce as "'the production, distribution, and consumption of commodities.'" Gonzales v. Raich, 545 U.S. 1, 25 (2005) (quoting Webster's Third New International Dictionary 720 (1966)).

There is a relatively low threshold requirement for economic activity in criminal cases such as this one. The Government need only prove a minimal nexus with interstate commerce under 18 U.S.C. § 1028(a) to satisfy the "in or affects interstate or foreign commerce" requirement. United States v. Klopf, 423 F.3d 1228, 1239 (11th Cir. 2005). See also United States v. Pearce, 65 F.3d 22, 23 (4th Cir. 1995). Additionally, a defendant need not actually affect interstate commerce in the instant crime. Rather, the defendant only needs the intent to accomplish acts that, if successful, would have affected interstate or foreign commerce. In other words, the Government is not required to prove that a defendant had knowledge of the interstate commerce when committing an act in violation of § 1028(a). Klopf, 423 F.3d at 1239. Furthermore, the Fourth Circuit has determined that the jury may consider whether or not the fraud would have traveled in interstate commerce or whether the transfer would have affected interstate commerce had the defendant successfully

---

[1] In United States v. Lopez, 514 U.S. 549 (1995), the Court determined the Gun-Free School Zone Act to be unconstitutional since it found that the criminal statute had nothing to do with commerce. Under more recent decisions, Gonzales v. Raich, 545 U.S. 1 (2005), and United States v. Morrison, 529 U.S. 598 (2000), the Court held that Congress may use its authority under the Commerce Clause to regulate non-economic intrastate activity only to the extent that individual instances of that activity somehow affected interstate commerce. In upholding the Controlled Substances Act, a statute that prohibited the cultivation of possession of marijuana, the Court explained that Congress can regulate "purely local activities" if those activities are part of an economic class of activities that in the aggregate has "a substantial effect on interstate commerce." Gonzales, 545 U.S. at 2.

accomplished his intended goals. United States v. Villarreal, 253 F.3d 831, 835 (5th Cir. 2001) (reviewing an 18 U.S.C. § 1028(a)(2) prosecution which involved the transfer of an identification document to an undercover officer).

The Government relies upon two pieces of evidence presented at trial to connect the Defendant's actions with interstate commerce: 1) the social security numbers used by Berry were assigned from Maryland, issued to persons in New Jersey, and fraudulently used in Virginia and 2) the information presented by Mr. Berry ran through National Crime Information Center (NCIC), a nationwide criminal database which provides criminal information. (Resp. to Def.'s Mot. for J. of Acquittal 4-6.)

This Court finds both of these arguments to be without merit.

While the Government presented evidence that the Social Security number originated in Maryland and was assigned to someone in New Jersey, there was absolutely no evidence presented by the government that Mr. Berry's fraudulent acts caused the numbers to cross state lines. Moreover, there was no evidence that Mr. Berry's intended goals in fraudulent use of the number would cause him or the number to cross state lines. Therefore, this Court finds the administrative dispensing of social security numbers prior to and unrelated to the criminal act to be insufficient in meeting the element of economic activity required for interstate commerce.

The Government's insistence that the police entry of the social security numbers into the NCIC constituted interstate commerce is also without merit. The only economic affect would be that which is purely incidental to the entry of the number and not caused by the activity.

The Court is well aware that the Government need only prove a minimal nexus with interstate commerce in a 18 U.S.C. § 1028(a) prosecution to satisfy the "in or affect interstate or foreign commerce" requirement. Klopf, 423 F.3d at 1239 (11th Cir. 2005). However, this Court also notes

that there is a difference between "minimal nexus" and no nexus at all.

Commerce implies an economic exchange of something–whether it be goods or services. Yet the inclusion of the NCIC involves no commodity that crossed state lines. It can only be construed as a service, but not a commercial service–it is a government service. Moreover, there is a very significant difference (a constitutionally significant one) between commercial activity and traditional government activity when it comes to questions of interstate commerce. See United States v. Lopez, 514 U.S. 549, 565-66 (1995) (rejecting the argument that schools are a form of commercial activity). Cf. Jones v. United States, 529 U.S. 848, 854 (2000) (explaining that the affecting commerce qualification means that the activity in question requires a commercial purpose "and not merely a passive, passing, or past connection to commerce"). And there is no greater traditional government activity than the institution of law enforcement.

Furthermore, with regard to NCIC, there is no affect here upon interstate commerce. There was no exchange that took place here as a type of exchange minimally tied to the transaction of Berry's numbers, unless one is to consider the taxes paid by employees of NCIC. But, if taxes were to be considered a transaction in interstate commerce, then everything would be in interstate commerce and there would be no reason for Congress to place such a limitation of "in or affects interstate commerce" on 18 U.S.C. § 1028(a)(7). Congress would then have jurisdiction everywhere, and that cannot be so.

However, this is not the end of the inquiry.

As with all post-conviction challenges to the sufficiency of the evidence, the Government benefits from a very low threshold of review. Jury verdicts receive great deference and are only reversed "if the record is devoid of evidence from which the jury could reach a finding of guilt." U.S. v. Della Rose, 278 F.Supp.2d 928, 929 (N.D.Ill. 2003) (quoting United States v. Taylor, 226 F.3d

9

593, 596 (7th Cir. 2000)(internal quotations omitted)).

As it turns out, the Government did present evidence to the jury sufficient as a matter of law to prove the essential elements of the offense charged beyond a reasonable doubt, albeit not the manner in which the Government now argues.

The Fourth Circuit has previously determined that the drug dealing is an inherently economic activity that affects interstate commerce. In United States v. Williams, 342 F.3d 350, 355 (4th Cir. 2003), the Fourth Circuit ruled that the robbery of a drug dealer was the kind of act affecting interstate commerce, inasmuch as such robbery depletes the business assets of the drug dealer.[2] In reaching this conclusion, the court determined that question of the interstate commerce element of the crime is "not simply whether one particular offense has a measurable impact, but whether the class of acts has such an impact." Id. (citing United States v. Marrero, 299 F.3d 653, 655 (7th Cir. 2002)).

In addition, all that is required of a conviction under 18 U.S.C. § 1028(a) is that the fraudulent use of the social security number occur as part of a plan or operation that affected interstate commerce. United States v. Jackson, 155 F.3d 942 (8th Cir. 1998). In the Jackson case, the Eighth Circuit held that an 18 U.S.C. § 1028(a)(3) conviction could be sustained with proof that the defendant's possession of false documents was *integral* to the defendant's scheme to defraud businesses and banks operating in interstate commerce. Id. at 947 (emphasis added). The numbers need not actually travel in interstate commerce, rather the fraudulent use of the numbers need only be tied to an activity that affects interstate commerce. Id.

---

[2]The offense charged in United States v. Williams was a violation of the Hobbs Act which, as in 18 U.S.C. § 1028(a)(7), contains an 'affecting interstate commerce' element. Williams, 342 F.3d at 352.

10

Since Mr. Berry's fraudulent use of the social security numbers were tied to his involvement in the cocaine trade, one can only conclude that the Government established beyond a reasonable doubt that Mr. Berry's actions affected interstate commerce.

This does not mean that this Court is fully comfortable that the Government satisfied its burden of proof. The fact that a defendant was using a false identification in the cocaine trade does not appear to the undersigned that it affects interstate commerce unless the cocaine trade is deemed interstate commerce.

But, under United States v. Williams, the cocaine trade is deemed to constitute interstate commerce. The false identification was used to disguise who Mr. Berry was and what Mr. Berry was doing, and therefore the identity theft came into being in relation to and in furtherance of the cocaine trade.

The instant case does create a problem. The undersigned is convinced that this crime stretches the plausible interpretation of interstate commerce when it includes the case of a cocaine dealer who simply used a false identification which unfortunately belonged to another. This crime, which is apparently small in its scale and its scope, seems to be a difficult expansion of the meaning of interstate commerce.

Nonetheless, this Court is compelled to follow the law as defined by precedent.

Accordingly, there was sufficient evidence present for a rational trier of fact to determine that the false identification used by Mr. Berry affected interstate commerce.

### C. Count Seven: Aggravated Identity Theft

Defendant argues that he did not know that the social security number \*\*\*-\*\*-5551 belonged to a real person. Moreover, he points out that the Government presented no evidence showing that Mr. Berry knew that the social security number \*\*\*-\*\*-5551 belonged to a real, actual person when

11

Mr. Berry fraudulently provided that number to police on December 13, 2006.

The Court is aware of a split with the Courts of Appeals with regard to the issue of whether or not the Government has to prove that a defendant knew that the "means of identification" belonged to a real, actual person in a prosecution under 18 U.S.C. § 1028A and that this very issue is now before the Supreme Court. Mendoza-Gonzalez v. United States, 520 F.3d 912 (8th Cir. 2008), cert. granted, (No.08-5316).

Nonetheless, the law within the Fourth Circuit is quite clear: proof that a defendant knew that the "means of identification" belonged to a real and actual person in a prosecution under 18 U.S.C. § 1028A is not required. United States v. Montejo, 442 F.3d 213 (4th Cir 2006).

Moreover, this supplemental motion is untimely. Federal Rule of Criminal Procedure 29 makes clear that a defendant must submit its motion for a judgment of acquittal within seven (7) days after a guilty verdict. In this case, the jury returned a guilty verdict on September 11, 2008. The Defendant filed a Supplemental Motion for a Judgment of Acquittal on September 24, 2008, thirteen (13) days after the jury returned a verdict. A district court does not have jurisdiction to grant an untimely motion for judgment of acquittal. Carlisle v. United States, 517 U.S. 416 (1996).

## IV. CONCLUSION AND ORDER

With respect to Count One (1), this Court finds more than substantial evidence present by which a reasoanble finder of fact could detrmine Mr. Berry's guilt beyond a reasonable doubt. Witness testimony and reassonable inferences made by jurors can more than easilty get a reasonable persont ot he conclusion that Mr. Berry is guilty beyond a reasonable doubt.

With respect to Counts Two (2) and Five (5), this Court finds substantial evidence present by which a reasonable finder of fact could determine that Mr. Berry's fraudulent use of a social security number occurred in interstate commerce. Given that Mr. Berry's actions occurred in

furtherance of the cocaine trade, this Court concludes that sufficient evidence was present for a jury to determine that the fraudulent use of the social security number either affected interstate commerce, would have affected interstate commerce, or would have entered into interstate commerce had the Defendant successfully accomplished his intended goals.

With respect to Count Seven (7), this Court finds that the Defendant's Supplemental Motion for a Judgment of Acquittal is untimely. Accordingly, this Court lacks jurisdiction to grant the Defendant's motion. Even if this Court were to have jurisdiction, the mere presence of a split among the Federal Courts of Appeals is insufficient justification to enter a Judgment of Acquittal on behalf of the Defendant. The law of this Circuit is clear: the Government is not required to prove that the Defendant actually knew that the social security number belonged to another person when he fraudulently used that number.

## ORDER

The Government proved the essential elements of possession with intent to distribute cocaine base within 1000 feet of a school in violation of Title 21, United States Code §§ 860 and 841(a)(1) and (b)(1)(C) beyond a reasonable doubt. The Government also proved the essential elements of identification theft in violation of Title 18, United States Code § 1028(a)(7) beyond a reasonable doubt. This Court lacks jurisdiction to entertain the Defendant's Supplemental Motion for Judgment of Acquittal with respect to aggravated identity theft in violation of Title 18, United States Code § 1028A. Accordingly, Defendant's Motion for Judgment of Acquittal brought pursuant to Federal Rule of Criminal Procedure 29(c)(1) is **DENIED** with respect to Counts One, Two, and Five. The Defendant's Supplemental Motion for Judgment of Acquittal is **DENIED** with respect to Count Seven.

The Clerk of the Court is **DIRECTED** to provide a copy of this Memorandum Opinion and

Order to counsel for the Defendant and the United States of America.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, Virginia
October 30, 2008